IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shadreck Kifayatuthelezi, *also known as* Norman Hayes, <br><br> Plaintiff, <br><br> v. <br><br> South Carolina Department of Corrections, Michael Stobbe, <br><br> Defendants. | Case No. 8:17-cv-03139-TLW-JDA <br><br><br> **ORDER** |

Plaintiff Shadreck Kifayatuthelezi filed this action alleging violations of his constitutional rights pursuant to 42 U.S.C. §1983 as well as claims under the South Carolina Tort Claims Act. This matter is now before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Jacquelyn D. Austin, to whom this case was assigned pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends that Defendants' motion for summary judgment be granted. ECF No. 28. Plaintiff filed objections to the Report, ECF No. 29, to which the Defendants replied. ECF No. 31. This matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections…. The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an

objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Report and Plaintiff's objections thereto in accordance with this standard, and it concludes that the Magistrate Judge accurately summarizes the case and the applicable law. This Court notes that the Magistrate Judge concludes that qualified immunity is a basis for summary judgment. This Court agrees for the reasons stated and notes that a state post-conviction relief court made a decision adverse to the Plaintiff which was reversed by the South Carolina Court of Appeals. Until the Court of Appeals ruled, only then would an alleged violation be clearly established. As the Magistrate Judge notes, "given the murkiness of the legal landscape at the time SCDC made its decision," it would not be appropriate to conclude that defendants violated any constitutional or statutory right that was clearly established at the time of the alleged violation. For the reasons stated in the Report, it is hereby **ORDERED** that the Report, ECF No. 28, is **ACCEPTED**, and Plaintiff's objections, ECF No. 29, are **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Defendants' motion for summary judgment, ECF No. 14, is **GRANTED** and the Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

September 24, 2019
Columbia, South Carolina